UNITED STATES v. WORCESTER.

(Second Division. Nome. October 11, 1910.)

No. 846C.

1. STATUTES (§ 162*)—REPEAL—GENERAL AND SPECIAL LAWS.

It is a well-established rule that general and specific provisions in apparent contradiction, whether in the same or in different statutes and without regard to priority of enactment, may subsist together, the specific qualifying and supplying exceptions to the general. Where there are two statutes, the earlier special and the later general, the terms of the general broad enough to include the matter provided for in the special, the fact that one is special and the other general creates a presumption that the special is to be considered as remaining an exception to the general, unless a repeal is expressly named or unless the provisions of the general are manifestly inconsistent with those of the special.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 235–237; Dec. Dig. § 162.*]

2. CRIMINAL LAW (§ 15*)—FORNICATION—STATUTES—GENERAL OR SPECIAL.

The defendant was indicted in Alaska territory for the crime of fornication, under section 318 of the codified Penal Code of the United States (Act March 4, 1909, c. 321, 35 Stat. 1149 [U. S. Comp. St. Supp. 1911, p. 1682]), which denounced fornication as a crime, and provided a penalty therefor in a general statute. By Act March 3, 1899, c. 429, 30 Stat. 1253, Congress enacted a special criminal code for Alaska territory, and in section 121 thereof denounced the crime of cohabiting with another in a state of fornication in Alaska, and provided a special and different penalty than that fixed in the general statute cited. Upon demurrer to the indictment, held, the law was in force in Alaska, and, since the indictment was not sufficient un-

der section 121 of the Alaska Criminal Code, the demurrer was sustained.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1, 16–20; Dec. Dig. § 15.*]

A demurrer to the indictment in the above-entitled cause was filed by the defendant herein on the ground that the facts stated do not constitute a crime in the district of Alaska.

The United States District Attorney, for the United States.

MURANE, District Judge. The enactment by Congress of the Alaska Criminal Code of March 3, 1899, c. 429, 30 Stat. 1253, was a special act legislating for a particular portion of the United States territory. The act under which the indictment in this case was found is a general act applicable to all United States territories and other places under the exclusive jurisdiction of the United States and not within any state or territory, also upon special laws applicable to all parts of the United States.

In the first volume of the Federal Statutes Annotated is a treatise by Charles C. Moore on Statutory Construction. In section 35 of the treatise, subd. "f," the author uses this language:

"It is well-established rule that general and specific provisions in apparent contradiction, whether in the same or in different statutes and without regard to priority of enactment, may subsist together; the specific qualifying and supplying exceptions to the general. Where there are two statutes, the earlier special and the later general the terms of the general broad enough to include the matter provided for in the special, the fact that the one is special and the other general creates a presumption that the special is to be considered as remaining an exception to the general, unless a repeal is expressly named or unless the provisions of the general are manifestly inconsistent with those of the special."

Applying this rule of construction to the two statutes in question, it seems manifest that Congress intended, when legislating upon the subject of social evils in Alaska, to include all offenses of that character in the Alaska Code. The two enactments upon the subject are almost identical, with the exception

that the penalties provided are different in each instance. The only portion omitted from the Alaska Code which is contained in the general statute upon this subject is that of fornication, and this subject is covered in the Alaska Code, but in a different form; the Alaska Code making it a crime to cohabit in the state of fornication.

There are a number of well-considered cases, both by the Supreme Court of the United States and the Circuit Court of Appeals, construing special and general statutes and laying down the rule as indicated in the text above cited. One of these cases is reported in 53 Fed. 454, being the case of the United States v. Trans-Missouri Freight Association (C. C.). In this case we find the following language:

"It is equally the duty of the court to give to these statutes such a construction that both may stand, if that can be done. Applying these rules, can it be said that 'it was the intention of Congress to include common carriers subject to the act of February 4, 1887, within the provisions of the act of July 2d? I think it very clearly appears from an examination of these statutes, and considering the evil sought to be remedied, that such was not the intention of Congress. The whole subject relating to common carriers had already been carefully provided for by the act of February 4, 1887, and a commission appointed, whose duty it was to see to it that the carriers subject to the act complied with its requirements, with power to the courts, when necessary, to enforce its provisions; hence it is but reasonable to presume that, if Congress had considered anything in addition necessary for the proper regulations and control of these carriers, it would have provided for it by an amendment of that act, instead of including it in a general statute, some of the provisions of which would necessarily conflict with the legislation then in force upon a subject which had already received the special consideration of Congress. I think it was the purpose of Congress to remedy a very different evil then existing."

Another case to the same effect is the case of The New York, reported in 108 Fed. 102, 47 C. C. A. 232. Another well-considered case is the case of Ex parte Crow Dog, reported in 109 U. S. 556, 3 Sup. Ct. 396, 27 L. Ed. 1030, in which the following language is quoted with approval:

"The general principle to be applied to the construction of acts of Parliament is that a general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together. 'And the reason is,'

4 A.R.—16

said Wood, in Fitzgerald v. Champenys [30 L. J. N. S. Eq. 782], 'that the Legislature having had its attention drawn to a special subject, and having observed all the circumstances of the case and provided for them, does not intend by a general enactment afterwards to derogate from its own acts when it makes no special mention of its intention so to do.'"

Congress recognized this rule of construction in passing the license act for Alaska, for in section 477 of the Code, near the close of the license act, is found this provision:

"That nothing in this act shall in any way repeal, conflict, or interfere with the public general laws of the United States imposing taxes on the manufacture and sale of intoxicating liquors for the purpose of revenue and known as the 'Internal Revenue Laws.'" Code Cr. Proc.

It seems very clear to the court that Congress intended that the Alaska Code should govern in the class of cases under which this indictment is found.

The demurrer to the indictment should and it is hereby ordered that it be sustained.